IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY JOHN MILO,**

           **Petitioner,**

    v.                              CASE NO. 17-3154-SAC

**DAN SCHNURR,**

           **Respondent.**

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On October 24, 2017, the Court issued an order to show cause directing respondent to answer the claims in the petition.

    Three motions filed by the petitioner are pending before the Court: a motion for order (Doc. #7), a motion of tort (Doc. #9), and a motion for temporary restraining order (Doc. #10).

    Petitioner's motion for order appears to add specific claims of ineffective assistance of counsel by his trial and appellate counsel. To ensure that all claims are presented in a single petition, the Court will direct petitioner to submit a new petition with all the claims he intends to present in this action. The Court advises petitioner that any claim not included in the petition will be considered abandoned.

    Petitioner's motion of tort seeks damages in excess of three million dollars from the respondent for violations of his constitutional rights arising from his illegal sentence. Because petitioner's claim for monetary damages seeks a remedy other than release or a reduced period of confinement, it is not cognizable in habeas corpus. Petitioner must present his claim for damages in an

action under 42 U.S.C. § 1983 rather than in habeas[1]. *See Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff proceeding under §1983 seeking damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid" must first establish "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal … or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Because petitioner cannot allege that his sentence has been invalidated, a claim for damages under § 1983 is premature under *Heck*. The Court will deny the motion of tort without prejudice.

Petitioner's motion for a temporary restraining order concerns the conditions of his confinement, specifically, a transfer, placement in segregation, access to personal property, and delay in transmitting his filing fee to the Court. The petitioner's filing fee in this matter was paid on October 19, and that claim requires no remedial action. The remainder of the claims must be presented in an action under 42 U.S.C. § 1983 after proper exhaustion of available administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life….")

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for order (Doc. #7) is construed as a request to amend the petition and is granted. Petitioner is granted to and including November 27, 2017,

---

[1] The Court offers no opinion on the merits of such a claim.

to present an amended petition that contains all of the claims he intends to present in this action. Any claim not included in the amended petition will be considered abandoned.

    IT IS FURTHER ORDERED petitioner's motion of tort (Doc. #9) is denied without prejudice.

    IT IS FURTHER ORDERED petitioner's motion for a temporary restraining order (Doc. #10) is denied.

    **IT IS SO ORDERED**.

    DATED:  This 8th day of November, 2017, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge